# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

AMERIS BANK, )
)
    Plaintiff, )
)
v. )
)
G. GLEN MARTIN and ARTHUR G. )
SCANLAN, ) CASE NO. CV414-038
)
    Defendants and Counter )
    Claimants, )
)
v. )
)
THE COASTAL BANK, )
)
    Counter Defendant. )
)



## O R D E R

On June 27, 2016, this Court received a letter from Eric J. Nathan, counsel for Defendants in the above case, advising the Court that Mr. Nathan would be "away from the practice of law" from July 16 through August 1, 2016; and September 15 through September 16, 2016. According to the correspondence, Mr. Nathan's truancy is based on a desire to vacation with his family.

While the Court can not begrudge Mr. Nathan for wanting to spend time with his family, it does hold him accountable for knowing and operating within the bounds of this Court's local rules. This Court has already admonished Mr. Nathan for simply

declaring his intent to take leave absent this Court's objection. (Doc. 49.) In that order, the Court directed Mr. Nathan to Southern District of Georgia Local Rule 83.9. As a member of this Court's bar, the Court can only assume that Mr. Nathan complied with that direction.

However, any compliance has appeared to offer Mr. Nathan precious little education. His recent letter asks that this case "not be calendared during these periods of absence." In addition, Mr. Nathan once again declares his leave of absence in the absence of any Court objection by requesting that "[i]f this leave is not acceptable for any reason, please notify me immediately."

Having failed to properly request leave yet again, the education of Eric Nathan shall begin. First, letters to the Court are extremely disfavored. While some venues are more informal, the United States District Court for the Southern District of Georgia takes actions in cases based on relief requested in motions submitted by the parties to an action. Mailing requests for relief directly to presiding judges is simply imprudent and ill-advised. The filing of a motion, as compared to the mailing of a letter, allows the Court to create a record. It is from this record that a later observer can piece together the sequence of events that gave form and substance to the legal resolution of the underlying dispute.

Second, declarations of intent to take leave are not proper requests in this Court. Mr. Nathan has now twice failed to request a leave of absence. Instead, he seems determined to simply declare his absence and place the onus on the Court to object to his taking leave. Well, that is just not how it works. In a properly filed motion, as discussed above, Mr. Nathan should request that he be permitted to be absent on those dates, not that he be notified immediately in the declared leave is unacceptable for any reason. And, in no way is it proper to tell the Court that "[s]hould you have any questions or concerns, please do not hesitate to contact me" by telephone. Suffice it to say, the Court has concerns and Mr. Nathan should consider this his notification.

Rather than take French leave, the Court invites Mr. Nathan to once attempt properly requesting a leave of absence. In all honesty, it is closest to the simplest ministerial request that can be made in this Court. Mr. Nathan's lack of success after two attempts is somewhat disheartening. The Court clings to faith that Mr. Nathan's third time will be the charm.

SO ORDERED this 27th day of June 2016.

WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3