U.S. DISTRICT COURT
SAVANNAH DIV.

2017 APR 17 PM 12:01

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AMERIS BANK,

    Plaintiff and Counter-Defendant,

v.

G. GLEN MARTIN and ARTHUR G. SCANLAN,

    Defendants and Counter-Plaintiffs.

CASE NO. CV414-038

## O R D E R

Before the Court are Defendants' Motion for Amended or Additional Findings of Fact (Doc. 60), Motion to Alter or Amend Judgment (Doc. 61), and Motion for Stay of Enforcement of Judgment (Doc. 62). In their motions to amend, Defendants continue to argue that they cannot be held liable for their personal guarantees because the value of the foreclosed property was not determined by an appropriate trier of fact. (Doc. 60 at 3-4; Doc. 61 at 3-4.) The Court has previously considered and rejected these arguments on multiple occasions. (Doc. 38 at 11-16; Doc. 57 at 1-2.)

This never was a difficult case. Defendants executed personal guarantees secured by real property. Defendants defaulted on the notes. Plaintiff foreclosed and auctioned the real property. Defendants became liable, as a matter of law, for the amount of their respective guarantees less the amount recovered from the foreclosed property.

The most difficult part for this Court was determining the amount of per diem interest to be included in the final judgment. To this end, the Court enlisted the parties' assistance in calculating that interest. (Doc. 38 at 1-2.) The Court's order permitting Defendants to respond to Plaintiff's interest calculation was not an invitation to contest the amount obtained for the collateral at auction. Indeed, Defendants have never maintained that Plaintiff's statement concerning the auction price was incorrect, only that it was too low and not confirmed by a trier of fact. As the Court has previously stated, "confirmation of [the] foreclosure sale is unneeded where a defendant has waived such a requirement in his or her personal guaranty." (Id. at 6 (citing HWA Props., Inc. v. Cmty. & S. Bank, 322 Ga. App. 877, 887, 746 S.E.2d 609, 617 (2013); Cmty. & S. Bank

v. DCB Invs., LLC, 328 Ga. App. 605, 613-14, 760 S.E.2d 210, 216 (2014)).) After reviewing Defendants' motions to amend and the record, the Court can find no reason to alter its prior order. Accordingly, Defendants' motions to amend are **DENIED**. (Doc. 60; Doc. 61.)

Defendants' Motion for Stay of Enforcement on Judgment contends that the Court should stay execution of the judgment in this case pending resolution of Defendants' motions to amend. (Doc. 62 at 1-2.) Having denied Defendants' motions to amend, the Court can discern no reason to stay enforcement of the judgment in this case. Therefore, Defendants' motion is **DENIED**.

SO ORDERED this 17th day of April 2017.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA