## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

AMERIS BANK,                  )

      Plaintiff and Counter-)
      Defendant,               )

v.                         )      CASE NO. CV414-038

G. GLEN MARTIN and ARTHUR G.   )
SCANLAN,                )

      Defendants and Counter-)
      Plaintiffs.             )

U. S. DISTRICT COURT
Southern District of GA
Filed In Office
8/31 20 17 M
Deputy Clerk

## O R D E R

Before the Court are Plaintiff Ameris Bank's Motion for Writ of Execution (Doc. 69) and Motion for Supersedeas Bond (Doc. 75), and Defendants G. Glen Martin and Arthur G. Scanlan's Rule 62(b) Motion for Stay of Enforcement of Judgment Pending Appeal (Doc. 72). In this case, the Court previously granted Plaintiff's Motion for Summary Judgment and determined that Defendants were liable for the personal guarantees they signed securing promissory notes obtained from Plaintiff in favor of Sterling Bluff Investors, LLC ("SBI"). (Doc. 38 at 2.) Defendants were both passive investors in SBI. (Id.) In addition, the Court has previously denied two attempts by Defendants to stay this case. (Id.; Doc. 70.)

In their most recent Motion to Stay (Doc. 72), Defendants attempt to invoke Federal Rule of Civil Procedure 62(b) to prevent Plaintiff from enforcing the Court's judgment in this case, which found Defendants Martin and Scanlan liable for $1,817,211.00 and $1,163,013.00, respectively (Doc. 59). This Court's ability to stay the enforcement of a valid judgment is governed by Federal Rule of Civil Procedure 62. Pursuant to Rule 62(b),

> the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions:
>
> (1) under Rule 50, for judgment as a matter of law;
> (2) under Rule 52(b), to amend the findings or for additional findings;
> (3) under Rule 59, for a new trial or to alter or amend a judgment; or
> (4) under Rule 60, for relief from a judgment or order.

Fed. R. Civ. P. 62(b). That provision also requires the opposing party to provide appropriate security prior to the entry of the stay. Id. (permitting stay "[o]n appropriate terms for the opposing party's security").

In this case, Defendants request a stay pursuant to Rule 62(b). (Doc. 72.) However, there are no motions pending that render Rule 62(b) applicable, such as a motion for judgment as a matter of law, to amend the findings, for a new trial or to amend a judgment, or for relief from a judgment or order. Fed.

2

R. Civ. P. 62(b). Moreover, Rule 62(b) still requires Defendants to provide appropriate security prior to the entry of any stay. As a result, Defendants are not entitled to the relief they seek.

As this case presently stands, Defendants can only obtain a stay under Rule 62(d). However, this provision requires Defendants to provide a supersedeas bond. Id. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . ."). Defendants have not provided any such bond in this case. Therefore, Rule 62(d) also provides Defendants no relief at this time.

For these reasons, Defendants' Rule 62(b) Motion for Stay of Enforcement of Judgment Pending Appeal (Doc. 72) is **DENIED WITHOUT PREJUDICE**. Defendants may renew their request for stay under Rule 62(d) should they provide an acceptable supersedes bond. Plaintiff's Motion for Writ of Execution (Doc. 69) is **GRANTED** and the Clerk of Court is **DIRECTED** to issue the requested writ. Plaintiff's Motion for Supersedeas Bond (Doc. 75) is **DISMISSED AS MOOT**.

SO ORDERED this 31st day of August 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA