IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AMERIS BANK,  )
            )
    Plaintiff and Counter- )
    Defendant,  )
            )
v.          )  CASE NO. CV414-038
            )
G. GLEN MARTIN and ARTHUR G. )
SCANLAN,    )
            )
    Defendants and Counter- )
    Plaintiffs.  )
            )

# ORDER

On November 20, 2017, the Eleventh Circuit Court of Appeals affirmed this Court's award of summary judgment in favor of Plaintiff. (Doc. 81.) In addition, the Eleventh Circuit awarded Plaintiff its "costs and reasonable attorneys' fees incurred to defend this appeal" because Defendants "should have been well aware that their appeal had no chance of success." (id. at 13.) Finally, the Eleventh Circuit ordered that Defendants' counsel be held jointly and severally liable for the costs and attorneys' fees. (Id. at 13.)

On January 11, 2018, this Court directed Plaintiff to file within 21 days a brief as to the appropriate award of

costs and reasonable attorneys' fees. (Doc. 84.) That order stated that "Defendants **SHALL** have fourteen days to respond." (Id. at 2.) On February 1, 2018, Plaintiff timely filed its brief. Neither Defendants nor their counsel filed any response. See S.D. Ga. L.R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

Regardless of the failure to file any response, the Court must still determine whether a requested fee is reasonable by using the lodestar approach, which values a lawyer's service based on the number of hours expended multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In addressing the reasonableness of the hours expended, the Court should exclude any excessive, redundant, or unnecessary hours, along with hours that are inadequately documented or for which it would be unreasonable for an attorney to charge. Also, the Court will consider the twelve factors[1] outlined

---

[1] The twelve factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the

in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974),[2] when calculating the lodestar. See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In support of its request, Plaintiff has submitted billing records evidencing the hours spent addressing Defendants' frivolous appeal and briefing the issue of an appropriate award, along with the applicable rates for the attorneys performing that work. (Doc. 85, Ex. 1.)

Based on the Court's experience with hourly rates billed in this market, the Court finds that the rates of $310.00 per hour for work performed by Kathleen Horne, $255.00 per hour for work performed by Margaret Puccini, $190.00 per hour for work performed by Andrew Dekle, and $165.00 per hour for work performed by Ashley Henson all to be appropriate based on the difficulty of the legal issues, required skill, and experience of counsel. Also, the Court has reviewed Plaintiff's billing records and concludes that the 56.70 hours billed with respect to the appeal, and

---

experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

3

19.10 hours billed with respect to the brief concerning the appropriate award of costs and fees do not include any excessive, redundant, unnecessary, improperly documented, or unreasonable hours. In addition, the Court finds that Plaintiff is entitled to recover $105.36 in costs. As a result, the total award to Plaintiff is **$17,445.36**. As directed by the Eleventh Circuit, Defendant G. Glen Martin, Defendant Arthur G. Scanlan, defense counsel Amit Michael Navare, and defense counsel Eric J. Nathan are jointly and severally liable for the $17,445.36 award of costs and reasonable attorneys' fees.

SO ORDERED this 23rd day of April 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA